IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WENDY M. WILLIAMS, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 24-00323-KD-B |
| | * |
| MOBILE POLICE DEPARTMENT, | * |
| | * |
| Defendant. | * |

**REPORT AND RECOMMENDATION**

This action is before the Court on review.[1] On September 5, 2024, Plaintiff Wendy M. Williams, who is proceeding without an attorney, filed a "Motion for Relief Due to False Statements to the Court, Civil Rights Violations, and Abuse of Power" (Doc. 1), which the Court construed as a complaint in a civil action. When she initiated this action, Williams neither paid the filing fee for a civil action nor filed a motion to proceed without prepayment of fees as required.

In her complaint, Williams named the Mobile Police Department as the sole defendant and stated that she sought "relief from this Court due to serious allegations that the Mobile Police Department engaged in deceptive practices and provided false information to the court to secure a conviction." (Doc. 1 at 1). Williams

---

[1] This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S).

asserted that it had "come to light that officers of the Mobile Police Department intentionally misled both the District Court and Circuit Court judges by falsely claiming that [Williams] was involved in criminal activities under the DEguise of operating as a 'credit doctor.'"[2] (Id. at 2). Williams alleged that "[d]uring court proceedings on June 10. 2013-2024, officers made unsubstantiated claims about [her] role as a 'credit doctor,' a term that inaccurately depicted her as involved in fraudulent financial practices." (Id.). Williams further alleged that the "false statements provided by the Mobile Police Department influenced the judges' perceptions and decisions, resulting in a miscarriage of justice and an unjust conviction." (Id.).

Williams asserted the following "legal grounds" for relief:

False Statements to the Court: The Mobile Police Department's actions amount to fraud upon the court, warranting corrective measures to address the wrongful conviction and restore [Williams'] rights.

Civil Rights Violations: Under 42 U.S.C. § 1983, [Williams] asserts that her constitutional rights were violated through the deceitful actions of the Mobile Police Department.

Abuse of Power: The officers' conduct constitutes an abuse of power, justifying a demand for accountability and redress.

(Id. at 3).

---

[2] Unless otherwise indicated, quoted language from Williams' *pro se* complaint is reproduced herein without modification or correction for typographical, grammar, or spelling errors.

For relief, Williams sought: "An order to vacate the wrongful conviction resulting from the false statements made by the Mobile Police Department"; compensatory damages "[f]or the harm suffered, including emotional distress, reputational damage, and other related impacts"; punitive damages "[t]o deter future misconduct by the Mobile Police Department and its officers"; injunctive relief "[t]o require the implementation of corrective measures and changes in department practices to prevent similar incidents in the future"; and legal fees and costs "[f]or the legal expenses incurred in addressing this matter." (Id.).

In an order dated September 11, 2024, the Court noted that Williams had neither paid the filing fee nor filed a motion to proceed without prepayment of fees as required, and it ordered Williams to either pay the $405.00 filing and administrative fees for a civil action or file a motion to proceed without prepayment of fees by October 11, 2024. (Doc. 2 at 6).

The Court further found that Williams' complaint failed to comply with federal pleading standards and was an impermissible shotgun pleading. (Id. at 6-9). First, the Court noted that Williams' complaint was "deficient because it name[d] the Mobile Police Department – which is not an entity that can be sued – as the sole Defendant." (Id. at 6-7). Second, the Court found that Williams' complaint violated Federal Rule of Civil Procedure 10(b) because it failed "to state her allegations 'in numbered

3

paragraphs, each limited as far as practicable to a single set of circumstances[,]'" and it did not separate her "claims for relief or causes of action into different counts with the pertinent facts supporting each claim." (Id. at 7-8 (quoting Fed. R. Civ. P. 10(b))). Third, the Court found that Williams' complaint failed to provide adequate notice of the factual grounds for her claims, as it contained "only the skimpiest factual details, and Williams' allegations [were] too vague and conclusory to plausibly support her putative claims for relief." (Id. at 8). Fourth, the Court noted that to the extent Williams was alleging fraud, she had "not done so with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure." (Id. at 9).

The Court struck Williams' complaint as an impermissible shotgun pleading and granted her leave to file an amended complaint that addressed and corrected the noted deficiencies in her original complaint by October 11, 2024. (Id. at 10). The undersigned cautioned Williams that failure to timely comply with the Court's directives would result in a recommendation that this action be dismissed. (Id. at 6, 13).[3]

---

[3] The undersigned directed the Clerk of Court to send Williams a copy of this Court's form for a motion to proceed without prepayment of fees and noted that Williams had already been provided with a copy of this Court's Pro Se Litigant Handbook. (Doc. 2 at 12-13). The undersigned encouraged Williams to review the Pro Se Litigant Handbook carefully and utilize it in drafting her amended complaint so as to avoid repetition of her pleading errors. (Id.).

4

On September 11, 2024 (the date of the Court's order), Williams filed an amended complaint dated September 6, 2024, which was nearly identical in substance to her initial complaint. (See Doc. 3). However, to date, Williams has not filed an amended complaint that attempts to address and correct the noted deficiencies in her initial complaint, despite being ordered to do so no later than October 11, 2024. Nor has Williams paid the filing fee or filed a motion to proceed without prepayment of fees, despite being ordered to do one of those things no later than October 11, 2024. Williams has not requested additional time to comply with the Court's order, she has not indicated that she is unable to comply with the Court's order, and she has provided no explanation for her failure to timely comply with the Court's directives. Additionally, the docket reflects that the Court's order dated September 11, 2024, which was mailed to Williams along with this Court's form for a motion to proceed without prepayment of fees, has not been returned to the Court as undeliverable.

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of

5

its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

As noted previously, Williams has made no apparent attempt to comply with the Court's order directing her to file a complying amended complaint and to either pay the filing fee or file a motion to proceed without prepayment of fees by October 11, 2024, despite the undersigned's clear warning that her failure to timely comply with the Court's directives would result in a recommendation that this action be dismissed. Williams has not explained her failure to comply with the Court's order, she has not indicated that she is unable to comply, and she has not sought additional time within which to comply. Williams' failure to comply with this Court's directives suggests that she has abandoned the prosecution of this action. In light of Williams' failure to prosecute this action,

6

and her failure to obey this Court's order by timely filing a complying amended complaint and paying the filing fee or filing a motion to proceed without prepayment of fees as directed, it is recommended that this action be **DISMISSED without prejudice**, as it appears no lesser sanction will suffice to induce her compliance with the Court's directives.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the

specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **16th** day of **October, 2024.**

                                          **/s/ SONJA F. BIVINS**
                                   **UNITED STATES MAGISTRATE JUDGE**